IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **PEGGY NAN MOORE,** | |
| Plaintiff, | CA NO._____ |
| v. | |
| **KIAH, LLC, and NEXSTAR MEDIA GROUP, INC.,**[1] | |
| Defendants, | Jury Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

1. PRELIMINARY STATEMENT

1.1. Plaintiff demands a JURY TRIAL in this employment discrimination and retaliation case as to any and all issues triable to a jury. Plaintiff alleges Defendants KIAH, LLC and Nexstar Media Group, Inc. discriminated against Plaintiff when Defendants KIAH, LLC and Nexstar Media Group, Inc. took adverse personnel actions against Plaintiff.

1.2 COMES NOW, PEGGY NAN MOORE, (hereinafter referred to as "Plaintiff") complaining of and against KIAH, LLC (hereinafter referred to as "Defendant KIAH") and Nexstar Media Group, Inc. (hereinafter referred to as "Defendant Nexstar"), and for cause of action respectfully shows the court the following:

2. PARTIES

2.1. Plaintiff is an individual who resides in Houston, Harris County, Texas.

---

[1] Defendant identified Nexstar Media Group, Inc, as the parent company of Plaintiff's employer. Nextstar Media Group Inc, purchased Tribune Media and assumed its debt and liability, Tribune Media was Plaintiff's employer and co employer at the time of termination, and named in her EEOC charge.

2.2. Defendant KIAH, LLC., is an employer in Texas employs more than 20 employees and engages in interstate commerce. Service can be effectuated by serving its Registered Agent Corporation Service Company DBA CSC – Lawyers Incorporating Service Company located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

2.3. Defendant Nexstar Media Group Inc., is an employer in Texas employs more than 20 employees and engages in interstate commerce. Defendant Nexstar Media Group Inc., does not maintain a registered agent with the Texas Secretary of State. Service can be effectuated by serving Nexstar Media Group Inc., 545 E. John Carpenter Freeway, Suite 700, Irving, Texas 75062 in c/o the Office of the Secretary of State- Statutory Documents Section – Citation Unit 1019 Brazos Street Austin, Texas 78701.

3. VENUE AND JURISDICTION

3.1. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1391(b) because this is where all or part of the cause of action accrued and the District where Defendants maintains a residence, an agency or representative.

3.2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4), and Title VII of the Civil Rights Act, as amended, The Equal Pay Act and The Age Discrimination in Employment Act, as amended.

3.3. Jurisdiction is appropriate because Plaintiff filed a formal complaint with the Equal Employment Opportunity Commission alleging discrimination and retaliation.

3.4. Jurisdiction is also appropriate since the EEOC issued a decision allowing the Plaintiff the right to sue.

3.5. Declaratory and injunctive relief is sought pursuant to 28 U.S.C. § 2201, 2202 and Title VII of the Civil Rights Act, as amended, The Equal Pay Act and The Age Discrimination in Employment Act, as amended.

3.6. Actual damages, to include back pay and front pay are sought pursuant to Title VII of the Civil Rights Act, as amended, The Equal Pay Act and The Age Discrimination in Employment Act, as amended.

3.7. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205 and Rule 54, FRCP and Title VII of the Civil Rights Act, as amended, The Equal Pay Act and The Age Discrimination in Employment Act, as amended.

3.8. Compensatory and exemplary damages may be awarded pursuant to Title VII of the Civil Rights Act, as amended, The Equal Pay Act and The Age Discrimination in Employment Act, as amended.

### 4. STATEMENT OF CASE

4.1. Peggy Nan Moore is a 66-year-old female.

4.2. Plaintiff worked for Defendants for over 40 years. Plaintiff began working for Defendants on January 17, 1978.

4.3. Plaintiff began working as an audio technician and worked her way through the ranks over those 40 years. Defendants have never disciplined Plaintiff and Plaintiff has always received good evaluations.

4.4. On January 1, 2016, Plaintiff's previous General Manager, Roger Bare, hired Plaintiff to be the Director of Technology. Plaintiff was, at the time, the second female Director of Technology out of 42 Directors of Technology. Plaintiff left the Operations Manager

position for the Director of Technology position. The other female Director of Technology was in Dallas.

4.5. At all times in the 15 years Plaintiff was Operations Manager, Plaintiff reported to a Director of Technology position.

4.6. As soon as Defendants hired Plaintiff as a Director of Technology, they did not hire anyone into Plaintiff's previous Operations Manager position.

4.7. Plaintiff was forced to work as the Director of Technology and assume responsibility for all the Operations Manager duties at the same time. Plaintiff assumed half of the duties herself and had to delegate and oversee the rest of the duties.

4.8. Plaintiff asked her manager to hire Jerry Kautz, to help cover operations. Plaintiff was told that they could not hire Mr. Kautz, however after Plaintiff was terminated, Mr. Kautz was kept on part-time to cover operations, for Plaintiff's successor.

4.8. Defendants only paid Plaintiff for one job.

4.9. In addition, Defendants paid Plaintiff significantly less than it did for the male employee who had Plaintiff's position previously. Plaintiff's previous Director of Technology told Plaintiff what Defendants should have, and didn't, pay Plaintiff.

4.11. Plaintiff was blindsided when Defendants gave Plaintiff a notice that Plaintiff was being laid off as Plaintiff's position was being eliminated. Plaintiff learned at that time that Defendant Nexstar Media Group, Inc. was also laying off the only other female Director of Technology.

4.12. The KIAH lay off separation documents indicated that the reduction in force was for the NEWSFIX employees; Exhibit 1. Plaintiff was never a NEWFIX employee. Plaintiff's

work did not mainly support NEWSFIX employees. The reduction in force documents relating to Plaintiff were fraudulent.

4.13. Plaintiff worked in the Engineering department. Defendants illegitimately and fraudulently chose Plaintiff as the only Engineering Department employee in the NEWSFIX reduction in force.

4.14 Firing Plaintiff was not in the best interest of Defendant KIAH and Nexstar Media Group. Plaintiff was an asset to Defendant KIAH and Nexstar Media Group. In fact, Plaintiff was so important to the business that just days prior to Plaintiff's last day, Defendant paid Plaintiff a retention bonus to remain onboard during a potential sale of the business. Heather TenBarge informed Plaintiff that Hank Hundemer said he wanted Plaintiff gone.

4.15. Defendants posted Plaintiff's position (which they had not eliminated) and had made an offer for the Director of Technology position to a male, Alberto Herrera, who is significantly younger than the Plaintiff, Exhibit 2. Defendant did not offer this position to Plaintiff.

4.16. After 40 years of hard work and loyalty Plaintiff was devasted to be discriminated against and treated in this poor manner. Plaintiff has suffered anxiety and even contracted shingles. Plaintiff had to pay $701 per month for health insurance.

4.17. The prospect of finding a job at age 64, after 40 plus years of employment with one employer, Defendants, was and is devastating and daunting. In fact, Plaintiff has been unable to locate employment.

4.18. Defendant's failure to equally pay Plaintiff was willful and intentional.

**PLAINTIFF'S ORIGINAL COMPLAINT**

4.19  Respondent discriminated and retaliated against Plaintiff in violation of Title VII of the Civil Rights Act, as amended and the Age Discrimination in Employment Act, as amended, based on her gender (female) and age (over 40).

## 5.  DAMAGES

5.1  As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including, but not limited to, substantial loss of income; humiliation and embarrassment among co-workers and others; sustained damage to Plaintiff's credibility and sustained damage to Plaintiff's prospects for future employment.

## 6.  ATTORNEY'S FEES

6.1  Defendants' action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of ROSENBERG | SPROVACH, 3518 Travis, Suite 200, Houston, Texas 77002 in initiating this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## 7.  PRAYER

7.1  WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause Plaintiff have the following relief:

   7.1.1.  Judgment against Defendants, for actual damages sustained by Plaintiff as alleged herein including benefits;

   7.1.2.  Judgment against Defendants, for back pay lost by Plaintiff as alleged herein;

   7.1.3.  Judgment against Defendants, for front pay by Plaintiff as alleged herein;

PLAINTIFF'S ORIGINAL COMPLAINT

7.1.4. Grant Plaintiff general damages for the damage to Plaintiff's reputation;

7.1.5. Pre-judgment interest at the highest legal rate;

7.1.6. Post-judgment interest at the highest legal rate until paid;

7.1.7. Damages for mental pain and mental anguish;

7.1.8. Compensatory and exemplary damages;

7.1.9. Attorney's fees;

7.1.10. All costs of court expended herein;

7.1.11. Such other and further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

Respectfully Submitted,

*/s/ Ellen Sprovach*
Ellen Sprovach
Texas State Bar ID 24000672
USDC SD/TX No. 22202
ROSENBERG | SPROVACH
3518 Travis, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)
Ellen@rosenberglaw.com
Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG | SPROVACH